UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSCAR EDUARDO NEIRA AGUDELO,

      Petitioner,

  v.                              Case No. 2:26-cv-513-JES-DNF

GARRETT RIPA, et al.,

      Respondents.

_____

**<ins>ORDER FOR SUPPLEMENTAL BRIEFING</ins>**

Before the Court are Petitioner Oscar Eduardo Neira Agudelo's petition for writ of habeas corpus (Doc. 1), the government's response (Doc. 5), and Neira Agudelo's reply (Doc. 6). For the following reasons, the Court directs Respondents to file a supplemental response.

Neira Agudelo is a native and citizen of Colombia who entered the United States on December 21, 2015 and overstayed his B2 visitor's visa. (Doc. 5 at 2). On February 2, 2020, Neira Agudelo was convicted for possession of cocaine with intent to sell. (<ins>Id.</ins>) On April 21, 2025, Immigration and Customs Enforcement (ICE) agents detained Neira Agudelo and served him with a notice to appear. (<ins>Id.</ins>) On May 7, 2025, an immigration judge conducted a bond hearing and denied Neira Agudelo's bond because of "[d]anger and discretion." (Doc. 5-1 at 1).

Neira Agudelo generally argues that his prolonged detention under 8 U.S.C. § 1226(a) is unlawful. (Doc. 1 at 8). To the

extent Neira Agudelo challenges the outcome of the bond hearing, he must do so by appealing to the Board of Immigration Appeals, not by filing a habeas action. See 8 U.S.C. § 1226(e)("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Thus, if this was his only claim, Neira Agudelo's petition for writ of habeas corpus would be denied.

However, Neira Agudelo also protests his prolonged detention. In Demore v. Kim, the Supreme Court addressed the constitutionality of the "detention of deportable criminal aliens *pending their removal proceedings*"—the procedural posture at issue here. 538 U.S. 510, 527 (2003) (emphasis in original). In Denmore, which considered immigration detention specifically under 8 U.S.C. § 1226(c), the Court held that the government could constitutionally hold without bail noncitizens who had committed certain crimes and were in removal proceedings. But the Court based its holding on the limited time generally necessary to complete removal proceedings. Id. at 530 (noting that the "detention at stake . . . lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal"). Here, Petitioner has been held in immigration detention for more than a year—far longer than the outside limit contemplated in Denmore and twice as long as the period considered acceptable for post-removal

2

detainees in Zadvydas v. Davis, 533 U.S. 678 (2001).  In Zadvydas, the Supreme Court determined that release of a noncitizen in post-removal proceedings was often required after 180-days because  a "statute permitting indefinite detention of an alien would raise a serious constitutional problem."   Id. at 690.   And while Petitioner's detention may not literally be indefinite because his removal proceedings will eventually end, it is difficult to see how his year-long detention does not implicate the same constitutional concerns regarding prolonged arbitrary detention that the Supreme Court recognized in Zadvydas.

Accordingly, within **TEN (10) DAYS**, Respondents shall address in detail and explain the reasons for Neira Agudelo's unusually prolonged detention and advise the Court of an expected date that his removal proceedings will conclude.  Respondents shall also address the arguments raised in Neira Agudelo's reply and explain why the Court should not order his immediate release under an appropriate order of supervision.

**DONE AND ORDERED** in Fort Myers, Florida on June 1, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

3